**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERRY LEE SCHNEIDER II,<br><br>　　　　　Defendant. | No. 1:10-cr-00361-JLT<br><br>ORDER DENYING MOTION TO COMPEL PRODUCTION OF GRAND JURY MATERIALS<br><br>(Doc. 87) |

Terry Lee Schneider II seeks to compel production of grand jury material, including "specific" testimony and materials from the grand jury, which ultimately returned a three-count indictment against Schneider in 2010. (Doc. 87 at 1.) The government opposes this motion, (Doc. 89), and Schneider has filed a reply. (Doc. 94.)

**BACKGROUND**

A grand jury returned a two-count indictment against Schneider charging him with Receipt or Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 1.) The grand jury returned a superseding indictment later, which added a third count of Sexual Exploitation of a Minor (Production of Child Pornography) in violation of 18 U.S.C. § 2251(a). (Doc. 13.) Schneider pled guilty to the production charge added in the superseding indictment. Schneider signed a plea agreement and entered his guilty plea on the record. (Docs. 51, 52.) The Court

1

accepted the parties' recommendation of a 252-month sentence as set forth in the plea agreement and sentenced Schneider to this term of imprisonment. (Docs. 62, 64.)

In his current motion to compel, Schneider requests:

- Evidence presented to the grand jury in support of his indictment;
- Witness statements made to the grand jury that "pertain" to the "pretrial hearings held [i]n September 2011 or "to evidence that was to be offered" at trial;
- "Information as to what means (theory) was presented to the grand jury to support the indictment";
- "Instructions and standards presented to the grand jury" including "all explanation of the law relevant tot his case"
- Records reflecting the dates the grand jury was in, how long each session lasted, and the number of grand jurors impaneled;
- Evidence used to charge Schneider's co-defendant, his wife; and
- Any testimony or statements made by Kristy Spaite, "as these statements have potential clergy-communicant privilege implications".

(Doc. 87 at 12–13.) Schneider argues that these documents are "prelimin[ary] to or in connection with a judicial proceeding" under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), because they will assist Schneider with overcoming the 1-year procedural bar for his forthcoming 18 U.S.C. § 2255 petition. (Doc. 87 at 14.) The Motion also suggests that Schneider intends to challenge the sufficiency of his indictment and its factual bases. (Doc. 87 at 9–10.)

**LEGAL STANDARD**

With certain exceptions, Federal Rule of Criminal Procedure 6(e) imposes a general rule against disclosure of matters "occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). Relevant here, the Court may authorize disclosure "preliminarily or in connection with a judicial proceeding, Fed. R. Crim. P. 6(e)(3)(E)(i), or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Disclosure is "appropriate only in those cases where the need for [the materials] outweighs the public interest in secrecy." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). "[T]he burden of demonstrating this balance rests upon the private party seeking disclosure." *Id*. The Supreme Court has therefore

2

"consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g*, 463 U.S. 418, 442–443 (1983). This showing of "particularized need" requires that the party requesting disclosure show that the material sought is necessary to "avoid possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id*. at 443 (citation omitted).

## ANALYSIS

On the face of his motion, Schneider fails to meet his burden. Schneider provides two reasons for disclosure of the grand jury materials: to overcome the procedural bar for a future § 2255 motion and to support substantive challenges to the indictment and its underlying bases. (Doc. 87 at 1, 11, 14.) However, Schneider fails to explain how the requested materials will contribute to these aims.

He asserts twice that the requested materials will help him clear the 1-year statutory bar for a § 2255 motion, but he provides no detail regarding how. (Doc. 87 at 1, 14.) He further asserts that he needs some of the requested materials because "statements in police/FBI reports are inconsistent with testimony presented at the pretrial testimony;" "grand jury testimony will shed light additional light on statements and will show that the prosecution invited or allowed perjured testimony;" he has "obtained information that leads him to believe" the prosecutor misinformed the grand jury; and his requests "go to establishing whether . . . the prosecutor made improper and misleading arguments to the grand jury". (*Id*. at 12–13.) Schneider again provides no details for these claims and offers no specific need at all for five of the eight materials he seeks. (*Id*.) With respect to the sufficiency of the indictment, Schneider complains that its "lack of detail" leaves him unable to "ensure that the grand jury was ever presented evidence, facts, and allegations to establish probable cause." (*Id*. at 11.) He seeks the requested materials therefore to determine "what information (if any) did the grand jury use to reach their conclusion." (*Id*.)

Schneider's motion makes clear that he seeks the requested materials to determine *whether* there was misconduct in the grand jury proceedings and *whether* the indictment was

formed on sufficient bases. Such speculation does not constitute a "particularized need". *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *see also United States v. Kim*, 577 F.2d 473, 478 (1978) (rejecting petitioner's request for grand jury materials to generally "acquire supporting evidence" for an argument, without more); *United States v. Way*, No. 1:14-CR-00101-DAD-BAM, 2015 WL 8780540 at *3 (E.D. Cal. Dec. 15, 2015) (citing and describing cases).

This is particularly true as to Schneider's challenges to the indictment's sufficiency because the presumption of regularity assumes the grand jury understood the elements of all offenses charged and returned an indictment only on counts where it found sufficient probable cause. *See United States v. Morales*, No. CR. S-05-0443 WBS, 2007 WL 628678 at *3–*4 (E.D. Cal. Feb. 28, 2007). Furthermore, an indictment cannot be attacked on the ground that the evidence before the grand jury was incompetent or inadequate. *United States v. Vallez*, 653 F.2d 403, 406 (9th Cir. 1981) (citing *United States v. Samango*, 607 F.2d 877, 880 n.6 (9th Cir. 1979)).

Finally, though Schneider is correct that the need for secrecy is diminished here because the grand jury has already returned an indictment, *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412 (9th Cir. 1993), his arguments on this point are inapposite: where, as here, a petitioner presents no particularized need for disclosure, such need cannot possibly outweigh even diminished public interest in the secrecy of grand jury proceedings. Schneider is further incorrect that the government must demonstrate a need for secrecy before he makes a showing of particularized need. *Douglas Oil*, 441 U.S. at 223.

## CONCLUSION

For the reasons set forth above, Schneider's Motion to Compel Production of Grand Jury Material (Doc. 87) is **DENIED** in its entirety.

IT IS SO ORDERED.

Dated:   **November 29, 2022**

UNITED STATES DISTRICT JUDGE

4