UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY LEE SCHNEIDER II,<br><br>Defendant. | No. 1:10-cr-00361-JLT<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TRANSCRIPTS<br><br>(Doc. 103) |

Terry Lee Schneider II filed a request asking that the Court to order the production of "all transcripts of Evidentiary and Suppression hearings" and "any and all other transcripts of proceedings" that are "required by statute pursuant to [ ] 28 U.S.C. [§] 753(f)." (Doc. 103.)

The Court has examined the docket in this case and can confirm that a Motion to Suppress was heard on September 23, 2021, with a follow-up evidentiary hearing set for September 30, 2011. (Doc. 40.) The docket also reflects that on September 30, 2011, an evidentiary hearing and Defendant's change of plea took place. (Doc. 51.) Transcripts have yet to be produced by the Court Reporter for either of those proceedings. Section 753(f) of Title 28 of the United States Code empowers the Court to direct the preparation of transcripts at government expense only under certain circumstances. For example, the Court may fund the production of a transcript in connection with an active criminal case to persons proceeding under the Criminal Justice Act, but final judgment was entered in this case many years ago, so that provision is not applicable here.

1

Alternatively, the Court may fund the production of transcripts in connection with a motion for post-conviction relief brought under 28 U.S.C. § 2255, but only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Id*. Here, no such post-conviction motion is pending,[1] so Defendant has not established that he has filed or anticipates filing any post-conviction motion that is not frivolous, nor has he established that the requested transcript is necessary for a decision to be rendered on any such motion. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although [defendant] is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 05-cr-0443-WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States."). Nevertheless, at any time, Defendant may request that a transcript be produced at his own expense. The Court will direct the Clerk of Court to provide Defendant with a copy of the transcript ordering form, if he wishes to purchase a copy of the transcripts.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Defendant's request for a Court order that transcripts be prepared at Government expense (Doc. 103) is **DENIED**.

(2) The Clerk of Court is directed to provide Defendant with a copy of the Court's transcript ordering form.

IT IS SO ORDERED.

Dated:   **April 26, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that Defendant previously filed a motion to compel production of grand jury materials. (Doc. 87.) The Court does not believe that motion is sufficient to trigger operation of 28 U.S.C. § 753(f). Not only was that motion denied, (Doc. 95), such a motion is not one of the kinds of proceedings discussed in § 753(f).