1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,              No. 1:10-cr-00361-JLT

12                    Plaintiff,            ORDER DENYING RENEWED MOTION TO
                                            COMPEL PRODUCTION OF GRAND JURY
13          v.                              MATERIALS

14   TERRY LEE SCHNEIDER II,                (Doc. 117)

15                    Defendant.

16

17          On May 17, 2022, Defendant Terry Lee Schneider II filed a motion to compel production

18   of materials from the federal grand jury that ultimately returned a three-count indictment against

19   Schneider in 2010. (Doc. 87 at 1.) In that motion, Defendant requested: (1) evidence presented to

20   the grand jury in support of his indictment; (2) witness statements made to the grand jury that

21   "pertain" to the "pretrial hearings held [i]n September 2011" or "to evidence that was to be

22   offered" at trial; (3) information as to "what means (theory) was presented to the grand jury to

23   support the indictment"; (4) "[i]nstructions and standards presented to the grand jury" including

24   "all explanation of the law relevant to this case"; (5) records reflecting the dates the grand jury

25   was in, how long each session lasted, and the number of grand jurors impaneled; (6) evidence

26   used to charge Schneider's co-defendant, his wife; and (7) any testimony or statements made by

27   Kristy Spaite, "as these statements have potential clergy-communicant privilege implications."

28   (Doc. 87 at 12–13.) Defendant argued at the time that these materials would assist him with

                                            1

1   overcoming the statute of limitations bar to his filing a motion under 28 U.S.C. § 2255. (*Id*. at

2   14.) The motion also suggested that Defendant intended to challenge the sufficiency of his

3   indictment and its factual bases. (*Id*. at 9–10.)

4       On November 29, 2022, the Court entered an order denying the above motion. (Doc. 95.)

5   The Court identified the relevant legal standards as follows:

> With certain exceptions, Federal Rule of Criminal Procedure 6(e) imposes a general rule against disclosure of matters "occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). Relevant here, the Court may authorize disclosure "preliminarily or in connection with a judicial proceeding,["] Fed. R. Crim. P. 6(e)(3)(E)(i), or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Disclosure is "appropriate only in those cases where the need for [the materials] outweighs the public interest in secrecy." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). "[T]he burden of demonstrating this balance rests upon the private party seeking disclosure." *Id*. The Supreme Court has therefore "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g*, 463 U.S. 418, 442–443 (1983). This showing of "particularized need" requires that the party requesting disclosure show that the material sought is necessary to "avoid possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id*. at 443 (citation omitted).

18   (Doc. 95 at 2–3.) The Court ultimately found that Defendant failed to explain how the materials

19   would assist his efforts to overcome the procedural bar to bringing a future § 2255 motion or

20   support substantive challenges to the indictment. (*Id*. at 3.)

21       On December 16, 2022, Defendant filed a notice of appeal from the Court's November 29,

22   2022 ruling. (Doc. 96; *see also* Docs. 97, 99.) On December 19, 2022, Defendant filed a motion

23   for reconsideration of the November 29, 2022 ruling. (Doc. 98.) Shortly thereafter, the

24   undersigned indicated by Minute Order that the Court would not consider the motion for

25   reconsideration because the pending appeal divested the district court of jurisdiction over the

26   issue(s) on appeal. (Doc. 102 citing *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394

27   F.3d 1143, 1148 (9th Cir. 2004).)

28       On September 25, 2023, Defendant filed another motion to compel production of grand

jury materials. (Doc. 117 ("Renewed Motion").) In his Renewed Motion, Defendant indicates that he is "currently being prosecuted by the State of California on charges stemming from the same Act" (*id*. at 2.), which presumably is a reference to the conduct that was the subject of Defendants' federal guilty plea. (*See* Doc. 52 at 10.) Defendant contends that "[w]hile generally a federal indictment and the plea agreement set forth the conduct (acts) for which the defendant is charged[,] [i]n this case the indictment lacks any information describing the acts for which the petitioner would later go on to plead." (Doc. 117 at 3.) Defendant therefore contends that he needs grand jury material to support his motion to dismiss the state charges against him pursuant to California Penal Code (CPC) § 793 ("When an act charged as a public offense is within the jurisdiction of the United States, or of another state or territory of the United States, as well as of this state, a conviction or acquittal thereof in that other jurisdiction is a bar to the prosecution or indictment in this state."). Specifically, he now requests:

- Information as to "what modus operendi was presented to the grand jury by the government to support the indictment (e.g., did the petitioner use, employ, persuade, induce, entice, or coerce the minor)."

- Information as to "what sexually explicit conduct was alleged by the government -or other parties- to have occurred" including "all summation of arguments, however termed, presented by any attorney for the government to the Grand Jury."

- Any standards or explanations of law presented to the Grand Jury by the government or the court, including "any explanations as to what is required for the defendants to be found guilty of the actus rea portion of the crime and any jury instructions to that effect."

- "Any conversation between members of the Grand Jury and the government related to the above points, "including but not limited to the standard to indict."

(Doc. 117 at 5.)

The Government has asked the Court to deny Defendant's Renewed Motion on jurisdictional grounds, asserting that the filing of the notice of appeal from the Court's November 29, 2022 denial of Defendant's first request for grand jury materials divests this Court of

jurisdiction over "those aspects of the case involved in the appeal." (Doc. 120 at 2 (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982).) But it is not clear that the issues presented in the Renewed Motion are the same as those pending on appeal. As mentioned, the appeal concerns this Court's determination that Defendant failed to explain how the requested grand jury materials would assist his efforts to overcome the procedural bar to bringing a future § 2255 motion or support substantive challenges to the federal indictment. (Doc. 95 at 3.) By contrast, the Renewed Motion states an entirely different "particularized need" for the grand jury materials, namely, to raise a double jeopardy challenge to his pending state criminal charges. Though the substantive materials requested largely overlap, the legal inquiry is at least arguably distinct. "The operative question in determining jurisdiction is whether 'the district court would be deciding the same issues [as] the appeals court.'" *Pinson v. Estrada*, No. CV 18-00535-TUC-RM, 2020 WL 2308484, at *1 (D. Ariz. May 8, 2020) (quoting Stein v. Wood, 127 F.3d 1187, 1190 (9th Cir. 1997)). Because the Court's jurisdiction to adjudicate the renewed request is at least debatable, the Court will proceed to address the merits of the Renewed Motion.[1] Should the Court of appeals ultimately determine that jurisdiction did not exist, the undersigned intends for this decision to be construed as an indicative ruling under Federal Rule of Civil Procedure 62.1(a).

As mentioned, Defendant maintains that he needs details from the grand jury to establish his entitlement to the double jeopardy defense set forth in CPC § 793. Ultimately, the Court denies the Renewed Motion because Defendant has not demonstrated why he needs grand jury materials to do this. To understand why this is the case requires some explanation.

Defendant pleaded guilty to Count Three of the indictment which charged him with "Sexual Exploitation of a Minor (Production of Child Pornography), in violation of Title 18, United States Code, Section 2251(a) in approximately September 2005." (Doc. 52 at 2–3.)[2] In his

---

[1] Defendant points out, correctly, that the United States opposed the Renewed Motion only on jurisdictional grounds and did not address the merits. (Doc. 122 at 1.) He suggests therefore that the United States has "waived" this issue. (*f.*) He does not, however, cite any authority suggesting that the Court must grant a motion for disclosure of grand jury materials under Fed. R. Crim. P. 6(e)(3)(E) simply because the United States did not address the merits of the requested disclosure.

[2] The other charges in the indictment were: (Count 1) "Receipt or Distribution of Material Involving the Sexual

4

plea agreement, Defendant agreed that the following were the elements of the crime:

> (1)     The defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;
>
> (2)     For the purpose of producing visual depictions of such conduct; and
>
> (3)     The depictions were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce.

(*Id*. at 2.) Defendant also agreed that these are the facts of this case: "On an unknown date in approximately September 2005, in Tulare County, within the State and Eastern District of California and elsewhere, defendant did knowingly employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing any visual depiction of such conduct, with knowledge or reason to know that such visual depiction would either be transported in interstate or foreign commerce, or alternatively be produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, all in violation of Title 18, United States Code, Section 2251." (Doc. 52 at 10.)

Defendant has not presented this Court with a copy of the criminal complaint filed against him in state court, but the Court takes judicial notice of the information available on the public docket of that case, *People v Terry Lee Schnieder*, Case No. VCF252009A (Tulare County Superior Court), which indicates that the state court complaint contains seven counts: six are charged under CPC 288(a) (lewd or lascivious acts with a child under 14 years of age); the final is charged under CPC 288.3(a) (contact with a minor with intent to engage in a sex act). "[T]he offense described by section 288(a) has two elements: (a) the touching of an underage child's body (b) with a sexual intent." *People v. Villagran*, 5 Cal. App. 5th 880, 890 (2016); *see also People v. Garcia*, No. D069589, 2017 WL 1398515, at *10 (Cal. Ct. App. Apr. 19, 2017) ("The elements of a violation of section 288(a) are (1) willful touching of a child, (2) who is under 14 years old, and (3) with the intent to arouse or gratify the lust or sexual desires of either the

---

Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2) between January 2009 and January 27, 2010; and (Count Two) "Possession of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(4)(b) on or about January 27, 2010." (*See* Doc. 44 at 2–3.) Those charges were dismissed at sentencing. (Doc. 62.)

perpetrator or child."); CALCRIM No. 1110 (same). The elements required to prove a violation of CPC § 288.3(a) are: (1) the defendant contacted or communicated with a minor; (2) with the intent to commit a sexual offense involving that minor; and (3) the defendant knew or reasonably should have known that the person was a minor. CALCRIM No. 1124.

The relevant inquiry under CPC § 793 is as follows: "If proof of the same physical act or acts is required in each jurisdiction, then the California prosecution is barred. If, however, the offenses require proof of different physical acts, then the California prosecution is not barred even though some of the elements of the offenses may overlap." *People v. Bellacosa*, 147 Cal. App. 4th 868, 874 (2007). In *People v. Labrecque*, No. C061655, 2010 WL 2765865 (Cal. Ct. App. July 14, 2010), for example the defendant was charged under both the federal Mann Act for transporting his minor daughters in interstate commerce with the intent that they engage in sex acts in California with a third party and under various California statues for sex acts he perpetrated against his daughters either on his own or as an accomplice to his co-conspirator. *Id.* at *6. The defense of former jeopardy set forth in CPC § 793 did not apply to Labrecque because the acts covered by the state statutes criminalizing the sexual conduct charged (forcible rape, forcible oral copulation, forcible sodomy, aggravated sexual assault of a child, lewd and lascivious acts on a child under the age of 14 years, and lewd and lascivious acts on a child of 14 or 15 years) were not the same acts complained of in the federal court case, which "did not require illegal sexual activity with children at all; it requires only the crossing of state lines with the requisite intent that the child engage in unlawful sexual activity." *Id.*; *see also People v. Carreon*, No. D065896, 2015 WL 4239139, at *3 n. (Cal. Ct. App. July 14, 2015) (defendant failed to satisfy his burden of establishing that he was placed in double jeopardy where federal and state sex crimes counts stemmed from conduct that occurred in entirely different timeframes).

Ultimately, to succeed on his double jeopardy defense in state court, Defendant will have to show that the federal and state charges require "proof of the same physical acts." Defendant's Renewed Motion implies that the physical acts for which he was charged cannot be discovered without reference to the grand jury materials. Though the language of his plea agreement is somewhat vague as to the exact physical acts that formed the basis of his § 2251(a) conviction,

other documents on the public docket of this case, including the criminal complaint and the government's trial brief, describe in detail the alleged conduct relating to Defendant's production of child pornography. (Docs. 1, 44.) Those documents explain exactly what physical acts Defendant and co-defendant Nicole Schneider engaged in on or about September 2005 to produce child pornography with a two- to three-year-old child they were babysitting. (*Id.*) The conduct was captured on video, the video was provided to law enforcement, and the record describes what the video portrays. Defendant pleaded guilty to the only count that could possibly encompass this conduct (Count Three). Defendant does not explain, and the Court cannot envision any reason why he needs any additional information, let alone grand jury materials, to frame a § CPC 793 argument.[3] Moreover, the Grand Jury is charged with determining only whether there is probable cause that a defendant engaged in criminal wrongdoing. The United States Attorney is required only to produce sufficient evidence of this and is not required to produce every possible piece of evidence. Thus, a prosecution may proceed on evidence shown to the Grand Jury or may proceed on evidence the Grand Jury never saw. Indeed, additional evidence may be discovered after the Grand Jury issued an indictment. Thus, the evidence presented to the Grand Jury may have no connection at all to the factual basis for the defendant's plea. For all of these reasons, the Renewed Motion is **DENIED** because Defendant has once again failed to demonstrate a particularized need for the grand jury materials.

IT IS SO ORDERED.

Dated:   **November 13, 2023**

UNITED STATES DISTRICT JUDGE

---

[3] The Court expresses absolutely no opinion on the validity of such a motion, as it does not have the benefit of the state court record or thorough briefing from the parties on the substantive CPC § 793 standard.